## DeArmitt v. New York Life Insurance Co.

C.P. of Allegheny County, no. GD95-017282.

*Kenneth W. Behrend,* for plaintiffs.

*William M. Wycoff, Stuart C. Gaul Jr.* and *Ilene S. Tobias,* for defendant New York Life Insurance Company.

*David M. Chmiel,* for defendant Bicker.

WETTICK, *J.,* June 12, 2008—Defendants' motions for summary judgment seeking dismissal of plaintiffs' five-count third amended complaint are the subject of this opinion and order of court.

In their complaint, plaintiffs state that they sold a business for which they would receive certain lump sum payments and a mortgage agreement under which the buyer would pay $5,000 monthly, beginning in 1986 and extending out over a 20-year period. In April 1988, plaintiffs, due to a change in the tax laws, decided to invest $50,000 of the lump sum payments into a tax-deferred investment vehicle to ensure they would have sufficient income after the mortgage expired in 18 years.

Plaintiffs contacted defendant, Russell F. Bicker, a New York Life Insurance Company agent. Mr. Bicker represented that plaintiffs' needs could be fulfilled by enrolling in a New York Life annuity or an "annuity-like" investment vehicle. (Third amended complaint ¶23.) Mr. Bicker advised plaintiffs that any tax-deferred investment plan must include a life insurance component. Mr. Bicker assured plaintiffs that if they enrolled in the investment vehicle which he proposed and made a payment of $50,000, plaintiffs would accumulate a fund of at least $153,085 at the end of an 18-year period and that plaintiffs would be able to withdraw between $12,000 and $14,000 per year without depleting the fund.

Plaintiffs later learned that the investment vehicle which they purchased was only a standard whole life policy under which most of the earnings were used to fund the insurance aspect of the policy and that at the end of 18 years the balance in the policy was only $99,900.

On the basis of these allegations, plaintiffs have raised the following causes of action: Count I—common-law fraud and deceit; Count II—negligence; Count III—violation of the Unfair Trade Practice and Consumer Protection Law—statutory; Count IV—violation of the Unfair Trade Practices and Consumer Protection Law—fraud; and Count V—negligent supervision. In Count V, plaintiffs seek recovery only from New York Life. In the remaining counts, they seek recovery from both New York Life and Mr. Bicker.

## COUNTS I, III AND IV

The only writing that plaintiffs received describing the investment vehicle which they purchased was a whole life insurance policy issued to Mr. DeArmitt in a face amount of $100,000. This policy contains an integration clause.

Defendants seek summary judgment as to the fraud and Consumer Protection Law counts. They contend that plaintiffs' claims are based on representations made prior to the issuance of the contract and, thus, are inadmissible under the parol evidence rule.[1] Defendants rely on *Toy v. Metropolitan Life Insurance Company,* 593 Pa. 20, 928 A.2d 186 (2007), where the court ruled in an unfair practices insurance case that "parol evidence may not be admitted based on a claim that there was fraud in the inducement of the contract." *Id.* at 40, 928 A.2d at 205, quoting *Yocca,* 578 Pa. 479, 498 n.26, 854 A.2d 425, 437 n.26.

---

1. In *Yocca v. Pittsburgh Steelers Sports Inc.,* 578 Pa. 479, 502, 854 A.2d 425, 438-39 (2004), the court ruled that a Consumer Protection Law claim cannot be based on representations excluded by an integration clause.

However, in *Toy,* the Pennsylvania Superior Court found that the plaintiff's claim fell within the exception to the parol evidence rule for fraud in the execution of the contract.[2] The Pennsylvania Supreme Court, on the basis of this finding, allowed the plaintiff to pursue Consumer Protection Law claims based on a showing that terms were fraudulently omitted from the contract.

In this case, plaintiffs contend that they may pursue their fraud and Consumer Protection Law claims because terms were fraudulently omitted from the contract. According to plaintiffs (plaintiffs' brief in response to defendants' motion for judgment on the pleadings or for summary judgment at 7), plaintiffs received a standard whole life policy while being promised an investment vehicle that was more than a life insurance policy and that the written agreement also failed to include the promise that for an initial investment of $50,000, plaintiffs would receive at least $153,000 after 18 years.

Plaintiffs may not pursue a fraud in the execution claim based on the failure of the writing to include a guarantee that plaintiffs would receive at least $153,000 at the end of 18 years. At his deposition, Mr. DeArmitt testified that he had seen the language on the illustration saying that dividends are not guaranteed and the agent told him that while dividends are not guaranteed, they never went below what was on the illustration and in most cases were well above. (Gerald DeArmitt 5/13/04 transcript, T. 88-89.) This testimony bars a finding that a guarantee

---

2. The defendants did not challenge the Superior Court's characterization of the plaintiff's claims in this regard. *Toy,* 593 Pa. at 40 n.23, 928 A.2d at 206 n.23.

of dividends producing at least $153,000 in 18 years was omitted from the writing.

I reach the opposite result with respect to the claim that the writing should have included an investment vehicle different from a standard whole life policy. According to the testimony of Mr. DeArmitt, he did not want life insurance (T. 75) and the New York Life agent never told plaintiffs that their money was being used to purchase a standard whole life policy. Instead, he described what plaintiffs were purchasing as an annuity tied in with insurance. (T. 55, T. 87.) A fact-finder may find that the agent's alleged description was intended to and did cause plaintiffs to reasonably believe that they were not purchasing only a whole life policy under which substantial portions of the annual dividends would be used to cover life insurance.[3]

## COUNT II

I am dismissing Count II. The claim against New York Life is barred by the statute of limitations. Also, the factual allegations in the complaint do not establish a negligent breach of any duty the agent owed to the plaintiffs.

All claims against the agent must be raised in the fraud and Unfair Trade Practices counts.

---

3. The third amended complaint contains allegations supporting a cause of action of fraud in the execution. See paragraphs 23, 24, 28, 49, 50, 54, and 63(a).

## COUNT V

The negligent supervision count is dismissed because New York Life states that the agent was a New York Life agent acting in the course of his employment.

## ORDER

On June 12, 2008, upon consideration of defendants' motion for summary judgment, it is ordered that Counts II and V are dismissed.